[811 NYS2d 439]

In the Matter of ALAN ZIGMAN (Admitted as ALAN SCOTT ZIG-MAN), a Suspended Attorney, Respondent. GRIEVANCE COM-MITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 21, 2006

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Lawrence V. Carra*, Mineola, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition, dated November 23, 2004, containing one charge of professional misconduct. After a hearing in mitigation on February 16, 2005, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent submitted an affirmation joining in the Grievance Committee's motion to confirm and asking the Court to consider the mitigating factors advanced.

Charge One alleges that the respondent was convicted of a serious crime.

On or about January 14, 2000, an information was filed in the United States District Court for the Eastern District of New York, charging him with one count of unauthorized secondary financing, in violation of 18 USC § 1014, a class B federal felony. On January 18, 2002, the respondent entered a plea of guilty as charged before the Honorable Denis R. Hurley.

On April 30, 2004, the respondent was sentenced by the Honorable Denis R. Hurley to a three year term of supervised release, a $100 assessment, and the forfeiture of $25,000.

Inasmuch as the facts are totally uncontroverted, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no disciplinary record other than a letter of caution, dated May 15, 1998, for neglect of a criminal appeal assigned to him. The Special Referee made an express finding that the respondent's intent was not venal and took note of the civil disabilities and impediments which arose from his conviction, including the dissolution of his marriage.

In view of the respondent's cooperation, character evidence, expressed remorse, and the lack of any personal benefit derived from his misconduct, the respondent is suspended from the practice of law for one year, with credit for time elapsed under the interim suspension imposed by this Court's order dated October 26, 2004.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Alan Zigman, admitted as Alan Scott Zigman, is suspended from the practice of law for a period of one year, commencing immediately, with credit for the time already elapsed under the interim suspension imposed by order of this Court dated October 26, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement upon furnishing satisfactory proof that during that period he refrained (1) from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Alan Zigman, admitted as Alan Scott Zigman, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if Alan Zigman, admitted as Alan Scott Zigman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).